[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (DOCKETENTRY NO. 116)
On September 1, 1987, the defendant, Douglas Domack, mortgaged a piece of property known as 132 Bennett Street, 201, Bridgeport, Connecticut, to secure a note evidencing a debt owed to the Prudential Insurance Company of America in the amount of $123,750.00. This mortgage was later assigned to the plaintiff, Norwest Mortgage, Inc., which now owns the note and the mortgage. CT Page 8089 The plaintiff claims that the defendant is in default and the debt is now due and unpaid.
On December 23, 1996,[1] the plaintiff filed a motion for summary judgment with the court as to liability only, arguing that no material issue of fact remained in dispute. On January 13, 1997, the defendant filed an objection and response to the plaintiff's motion for partial summary judgment, arguing that material issues of fact remained in dispute, and that certain documents offered by the plaintiff to support its motion for summary judgment were deficient for summary judgment purposes.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.)Id., 751-52.
Under the terms of the security instrument, the plaintiff was to give notice to the defendant following the defendant's breach of any covenant. Paragraph 19 of the security instrument states that the notice was to specify (a) the default; (b) the action required to cure the default; (c) a date, not less than thirty days from the date the notice was given to the defendant, by which the default had to be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the security instrument and foreclosure or sale of the property.
"Notice" was defined within the security instrument in paragraph 14 in pertinent part as follows: "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method."
Clearly, a genuine issue of material fact exists concerning whether the plaintiff gave the defendant proper notice of its intention to seek acceleration and payment of the note and mortgage within thirty days of the defendant's receipt of the CT Page 8090 notice. The documents supplied as part of the plaintiff's motion for summary judgment indicate that a letter was written on June 4, 1996, which stated that the defendant was in default, that the defendant had a right to cure this default by July 4, 1996, and the consequences of the defendant's choice not to attempt to cure the default. However, no evidence is provided as to when the letter was mailed by the defendant. Photocopies of certified mail receipts are illegible and do not indicate where or when the letter was delivered to the defendant. It is only known that the letter was signed for by the defendant on June 13, 1996. Thus, it is unknown whether the defendant received the required notice within the necessary thirty day period specified within the security instrument. This constitutes a material issue of fact which remains in dispute, making summary judgment improper. Therefore, the plaintiff's motion for summary judgment is denied.
WEST, J.